UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric Davon Davis,<br><br>            Plaintiff,<br><br>   v.<br><br>Neil Shepherd, et al.,<br><br>            Defendants. | No. 24-cv-1952-KJM-AC (PS)<br><br>ORDER |

Plaintiff Eric Davon Davis has filed a motion for a temporary restraining order (TRO) against defendants Neil Shepherd, et al., regarding "the enforcement of unauthorized wage garnishment and sharing of personal details." *See* Mot. TRO, ECF No. 3. Plaintiff has not explained his claims clearly. It appears he intends to challenge orders requiring that he pay child support and enforcement actions related to such orders. *See, e.g.*, Compl. at 65–118, ECF No. 1.[1] Although filed as a motion, the filing presently before the court is effectively an ex parte application for expedited relief, as no defendant has appeared in this action or responded to plaintiff's complaint. *See id.* For the reasons explained below, the court will deny plaintiff's motion.

---

[1] Pages cited here are those applied by the CM/ECF system at the top right.

1

1    A temporary restraining order may be issued on an ex parte basis upon a showing "that
2    immediate and irreparable injury, loss, or damage will result to the movant before the adverse
3    party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of such an order is
4    to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a
5    hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423,
6    439 (1974).   In determining whether to issue a temporary restraining order, a court applies the
7    factors that guide the evaluation of a request for preliminary injunctive relief:  whether the
8    moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the
9    absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is
10   in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see*
11   *Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating
12   that the analysis for temporary restraining orders and preliminary injunctions is "substantially
13   identical").

14   Alternatively, courts may analyze a TRO request using a sliding scale approach through
15   which the elements of the "test are balanced, so that a stronger showing of one element may
16   offset a weaker showing of another." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131
17   (9th Cir. 2011).  This test requires plaintiffs to demonstrate the requisite likelihood of irreparable
18   harm, show that an injunction is in the public interest, raise "serious questions" going to the
19   merits, and show a balance of hardships that "tips sharply" in plaintiffs' favor.  *Id.* at 1131–36
20   (holding "serious questions" version of the sliding scale test for preliminary injunctions remains
21   viable after *Winter*).

22   Here, plaintiff has not shown he is entitled to relief under either test.  Most importantly,
23   his complaint and motion do not establish he will likely suffer irreparable harm in the absence of
24   emergency, expedited relief on an ex parte basis, and similarly why this matter cannot be resolved
25   by noticed motion under the ordinary schedule for resolving motions for preliminary injunctive
26   relief.  For example, although plaintiff explains he is facing serious financial hardships, he does
27   not identify any upcoming date or imminent event requiring the granting of immediate relief.  *See*
28   Mot. at 5, ECF No. 3.  Of course, a plaintiff must demonstrate immediate threatened injury and

not merely allege it in order to be entitled to the requested relief.  *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016).

In addition, plaintiff has not demonstrated he is likely to succeed on the merits of his claims.  The attachments to his complaint undermine his due process claims by showing he has been provided notice and opportunities to be heard.  *See, e.g.*, Compl. at 65 (state court order noting plaintiff's appearance at a hearing on April 26, 2023).  Nor does plaintiff cite relevant authority to support his jurisdictional and copyright challenges, and it is unclear in what way those challenges relate to the claims he is apparently asserting in this action.  *See* Mot. at 3.  The court also hesitates to wade into what appears fundamentally to be a family law dispute that is the subject of ongoing state court proceedings.

For these reasons, the court **denies** the motion for a temporary restraining order.  This order resolves ECF No. 3.

This matter is **referred** to the assigned Magistrate Judge under this District's Local Rules.  *See* E.D. Cal. L.R. 302(c)(21).

IT IS SO ORDERED.

Dated:   **July 18, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE