UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIV DAVON DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEIL SHEPARD, Commissioner, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-1952 DC AC PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. The matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

　　A.　Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

(3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff's lawsuit arises out of alleged violations by the Sacramento Department of Child Support Services (DCSS) and its judges/commissioners, and he seeks to enjoin DCSS from enforcing support orders.  ECF No. 1 at 10.  He sues DCSS along with Commissioner Neil Shepard, Judge Jaya Badiga, and the El Dorado County Auditor-Controller's office.  Id. at 1. Plaintiff alleges he is improperly being subject to income withholding and other measures that have deprived plaintiff of his property without due process or proper legal procedures.  Id. at 10.

Plaintiff asserts violations of his federal due process rights, as well as his rights under the California Family Code. ECF No. 1 at 11. Plaintiff also references RICO, alleging there is a conspiracy between the Sacramento Department of Child Support Services and the El Dorado County Department of Health and Human Services. Id. at 13. Finally, plaintiff alleges he notified the Sacramento Department of Child Support Services and the court of his "common law copyright in the Library of Congress" and despite the notification plaintiff received judgments related to his child support orders without proper notice, causing him to be concerned about the legitimacy of the proceedings. Id. at 16.

### C. Analysis

This complaint must be dismissed for several reasons. First, it is clear from complaint that plaintiff's claims are barred by the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, a federal district court does not have subject matter jurisdiction to hear an appeal from the judgment of a state court. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005); see also Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). The Rooker-Feldman doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. Bianchi v. Rylaarsdam, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting Feldman, 460 U.S. at 483 n. 16). Rooker-Feldman bars federal adjudication of any suit where a plaintiff alleges an injury based on a state court judgment (a "de facto appeal") or directly appeals a state court's decision. Id. at 900 n. 4. "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." Feldman, 460 U.S. at 486.

Here, plaintiff's alleged injury arises out of the state court order(s) requiring him to make child support payments. Because this court lacks jurisdiction to review that order under the Rooker-Feldman doctrine, the claims must be dismissed. The court is also without jurisdiction over plaintiff's claims due to the "domestic relations" exception to federal jurisdiction because child support payments are exclusively matters of state law. See Ankenbrandt v. Richards, 504

U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees.").

In addition to the jurisdictional problems, plaintiff's claims against Commissioner Shepard and Judge Badiga are barred by judicial immunity. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir. 1995) (holding that judicial immunity extends to municipal court commissioners performing judicial functions).

Given the jurisdictional deficiencies, the court finds that amendment would be futile, and plaintiff's complaint should be dismissed without leave to amend. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

### III. Additional Motions

Plaintiff filed a motion for a preliminary injunction seeking to prevent the enforcement of child support orders against him. ECF No. 5. Plaintiff also filed a motion for default judgment against defendants. ECF No. 8. Considering the finding that the court does not have jurisdiction to hear this case, the undersigned recommends these motions be denied as moot.

### IV. Pro Se Plaintiff's Summary

You are being granted in forma pauperis status and do not have to pay the filing fee. However, the Magistrate Judge is also recommending that the District Judge dismiss this case, for several reasons. Most importantly, the court does not have jurisdiction to review the state court orders regarding your child support payments. Additionally, judges are immune from suit. Because the Magistrate Judge believes that the federal court does not have jurisdiction to hear this case, it is also being recommended that your motions for a preliminary injunction and for default judgment be denied as moot. If you disagree with this recommendation, you may file objections within 21 days.

### V. Conclusion

The court ORDERS that the motion to proceed IFP (ECF No. 2) is GRANTED.

Further, the undersigned RECOMMENDS that the complaint (ECF No. 1) be DISMISSED without prejudice because the court lacks jurisdiction to hear the case. The undersigned further RECOMMENDS that plaintiff's motions at ECF Nos. 5 and 8 be DENIED as MOOT, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 20, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE