UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DAVON DAVIS,<br><br>            Plaintiff,<br><br>    v.<br><br>NEIL SHEPARD, et al.,<br><br>            Defendants. | No. 2:24-cv-01952-DC-AC (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 5, 8, 11, 14) |

Plaintiff Eric Davon Davis is proceeding *pro se* and *in forma pauperis* in this civil action. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 17, 2024, Plaintiff filed a complaint alleging violations by Defendants Commissioner Neil Shepard, Judge Jaya Badiga, Sacramento Department of Child Support, and El Dorado County, Auditor-Controller's Office relating to the enforcement of support orders against him. (Doc. No. 1.) On July 25, 2024, Plaintiff filed a motion for preliminary injunction to prevent Defendants Commissioner Shepard, Judge Badiga, and Sacramento Department of Child Support Services from enforcing child support orders against him. (Doc. No. 5.) On September 20, 2024, Plaintiff filed a motion for default judgment against Defendants. (Doc. No. 8.)

On November 20, 2024, the magistrate judge issued findings and recommendations recommending that this action be dismissed without leave to amend for lack of subject matter

1

1  jurisdiction and Plaintiff's motions for preliminary injunction and default judgment be denied as
2  moot. (Doc. No. 11.) Specifically, the magistrate judge found Plaintiff's claims are barred by the
3  *Rooker-Feldman* doctrine[1] and the domestic relations exception because his claims are an attempt
4  to challenge a state court order requiring him to make child support payments. (*Id*. at 3–4.) The
5  magistrate judge also found Plaintiff's claims against Defendants Commissioner Shepard and
6  Judge Badiga barred by judicial immunity. (*Id*. at 4.) The findings and recommendations were
7  served on Plaintiff and contained notice that any objections thereto were to be filed within
8  twenty-one (21) days from the date of service. (*Id*. at 5.)

9    On November 25, 2024, Plaintiff filed objections to the findings and recommendations.
10 (Doc. No. 12.) On December 19, 2024, Plaintiff filed a motion for an immediate ruling on his
11 objections. (Doc. No. 14.) In his objections, Plaintiff first argues the magistrate judge erroneously
12 applied the *Rooker-Feldman* doctrine and the domestic relations exception to this case. (Doc. No.
13 12 at 3–4.) Plaintiff cites cases and federal statutes to support his objections, but none refute the
14 magistrate judge's findings that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and
15 domestic relations exception.

16   Plaintiff also argues the magistrate judge erred in failing to consider his motion for default
17 judgment. (*Id*. at 4.) However, a court cannot enter a valid default judgment against a defendant
18 when it lacks subject matter jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)
19 (finding that when default judgment is sought, the "district court has an affirmative duty to look
20 into its jurisdiction over both the subject matter and the parties"). Because the magistrate judge
21 found this court does not have subject matter jurisdiction over Plaintiff's claims, it was
22 appropriate for the magistrate judge to deny the motion as moot.

23   Additionally, Plaintiff contends that the magistrate judge exhibited bias against him. (Doc.
24 No. 12 at 5.) Plaintiff bases his contention of bias upon the magistrate judge's rulings and actions
25 in this case. (*Id*.) However, "[d]isagreements with the [c]ourt's rulings do not support [] assertions

---

[1] The doctrine takes its name from *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

2

of bias . . . because assertions of bias must be predicated upon an extrajudicial source." *Martinez v. Sec'y of Cal. Dep't of Corr. & Rehab.*, No. 22-cv-01170-JLT-GSA, 2025 WL 572995, at *5 (E.D. Cal. Feb. 21, 2025). Accordingly, Plaintiff's contention of bias is without merit.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the court concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on November 20, 2024 (Doc. No. 11) are ADOPTED in full;

2. Plaintiff's complaint (Doc. No. 1) is DISMISSED without prejudice for lack of subject matter jurisdiction;

3. Plaintiff's motion for preliminary injunction (Doc. No. 5) is DENIED as moot;

4. Plaintiff's motion for entry of default judgment (Doc. No. 8) is DENIED as moot;

5. Plaintiff's motion for an immediate ruling on his objections is DENIED as moot; and

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 29, 2025**

Dena Coggins
United States District Judge